UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **LINDA NOURI,** | : | CASE NO. 1:22-cv-00317 |
| **Plaintiff,** | : | Judge Matthew W. McFarland |
| | | Magistrate Judge Karen L. Litkovitz |
| vs. | : | **COUNTY DEFENDANTS' MOTION TO DISMISS** |
| | : | |
| **STATE OF OHIO, ET AL.** | : | |
| | : | |
| **Defendants.** | | |

Now comes defendants Hamilton County Recorder Scott Crowley, Hon. Judge Terry Nestor, Hon. Magistrate Thomas Beridon, and Hon. Magistrate Anita Berding (collectively "County Defendants"), by and through counsel, and hereby respectfully moves this Court dismiss Plaintiff's complaint pursuant to Fed R. Civ. P. 12(b)(6). County Defendants' legal arguments are more fully set forth in the attached Memorandum in Support.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ *James S. Ginocchio, Jr.*
James S. Sayre, 0097169
James S. Ginocchio, Jr., 0082834
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2151
DDN: 513/946-3219 (Sayre)
DDN: 513/946-3135 (Ginocchio)

James.Sayre@hcpros.org
Jim.GinocchioJr@hcpros.org
FAX 513/946-3018
*Trial Attorneys for County Defendants*

## I. Introduction and Factual Background

Plaintiff Linda Nouri filed a Complaint *pro se* seeking Declaratory Judgment and Injunctive Relief on June 1, 2022. *See* Doc. 1. On August 22, 2022, she filed an amended complaint adding Hamilton County Recorder Scott Crowley and Hon. Magistrate Thomas Beridon. *See* Doc. 20. However, with the exception that County Defendant Crowley recorded a lien presented to him by legal counsel for the Arbor Woods Condominium Association ("COA"), the nature of the allegations against the County Defendants did not change. The Complaint generally alleges that ORC §5311 deprives her of her Constitutional rights. Specifically, Plaintiff alleges at various points that Chapter 5311 "suppresses condominium Unit Owners' Procedural Due Process", "denies" her "Equal Protection", and that it violates "Art.1, Sec. 10, Clause 1," though it is unclear when and where she is referencing the United States Constitution, Ohio Constitution, or some other document. Doc. 20, PAGEID 79. These allegations stem from a dispute between Plaintiff and her COA regarding waivers it requested all members execute to gain entrance into common areas during the COVID-19 pandemic. Doc. 20, PAGEID 90. Plaintiff alleges that she refused to sign this waiver. *Id*. In protest of the requested waivers, Plaintiff ceased paying her condominium assessments. *Id*. As a result of Plaintiff's failure to pay these assessments, the COA issued a certificate of lien against Plaintiff. *Id* at PAGEID 91. That foreclosure remains pending in the Hamilton County Court of Common Pleas. Doc. 20, PAGEID 81. According to the state court's docket, the Hon. Magistrate Beridon issued a decision granting

the COA's Motion for Summary Judgment on August 11, 2022, and the parties filed various motions to the Decision. Those motions are still pending before the Court, and the matter has not been concluded. (See Exhibit A)[1].

Plaintiff's complaint fails to state a claim against any of the named County Defendants upon which relief may be granted. Accordingly, Plaintiff's Complaint against County Defendants should be dismissed with prejudice.

## II.    Law and Argument

### A.    Standard of Review

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id*; citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

In its evaluation of a motion to dismiss, a court is to consider the factual allegations in the complaint as true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). Further, where an allegation lends itself capable of several inferences, that allegation must be construed in a light that is most favorable for the plaintiff. *Id*. While a court is to draw reasonable inferences in favor of the non-moving party, "the court need not strain to find inferences favorable to the plaintiff which are not apparent on the face of the complaint." *Kohl v. Murphy*, 767 F.Supp 895, 897

---

[1] This order is a matter of public record and therefore may be considered as part of a motion to dismiss. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502-503 (6th Cir. 2001) ("[i]n determining whether to grant a Rule 12(b)(6) motion,… matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" may be considered.

(N.D. Ill. 1991), citing *Coates v. Illinois State Bd. Of Ed.*, 559 F.2d 445, 447 (7th Cir. 1977). In determining whether a plaintiff has stated a claim, courts must decide whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

A plaintiff's obligation to provide factual content and the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. It is well-settled that "Rule 8 does not empower respondent to plead the bare elements of his cause of action … and expect his complaint to survive a motion to dismiss." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009), quoting *Iqbal*, 129 S.Ct. at 1954. The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and merely providing "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice." *Iqbal*, 556 U.S. at 678. A court need not accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B.     Plaintiff's Complaint is Deficient on its Face.**

Federal Rule of Civil Procedure 8 requires a plaintiff to make a short and plaint statement showing that plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). Plaintiff generally alleges in her first cause of action that the State of Ohio has violated her Due Process rights and her right to be free from unreasonable seizure without due process of law. She further alleges a violation of her Fourth, Fifth, and Fourteenth Amendment rights, and an unspecified violation of Article IV of

the Ohio Constitution. However, Plaintiff fails to state with any degree particularity which party violated her rights, and what conduct of each party led to those alleged violations.

Furthermore, absent from the Complaint are any factual allegations that would allow the Court to infer that any County Defendants are liable for state and federal constitutional violations. Indeed, County Defendants are only mentioned three times in the entire complaint. The first instance is where Plaintiff identifies Hamilton County Recorder Scott Crowley, Judge Terry Nestor, Chief Magistrate Anita Berding, and Chief Magistrate Thomas Beridon as "Parties" in her complaint. Doc. 20, PAGEID 80-81. Plaintiff then asserts that Hamilton County Recorder Scott Crowley "recorded the lien, encumbering Ms. Nouri's property." Doc. 20, PAGEID 91. The third and final time County Defendants are mentioned in the Complaint is at the end of her Second Cause of Action, where she makes her prayer to this Court to stay the state court proceedings. Doc. 20, PAGEID 97. The Complaint is utterly devoid of any other factual allegation that references any act or omission of County Defendants that would entitle her to relief. In fact, it seems apparent from the contents of the Complaint that County Defendants were added as an afterthought. It is simply not possible to discern from the Complaint what, if any, act or omission of any County Defendant resulted in Plaintiff's alleged Constitutional violations. Plaintiff simply inserts a litany of sections of the United States and Ohio Constitutions, and cites several sections of the United States Code and then demands this Court to determine how they connect to what is an exceedingly bare set of allegations against County Defendants. This Complaint, as it pertains to County Defendants, is exactly the kind cited as deficient in *Twombly*. It is simply "an unadorned, the-defendant-unlawfully-harmed-me accusation" "supported by mere conclusory statements." Accordingly, Plaintiff's Complaint fails to set forth a short and

plain statement entitling her to relief against County Defendants as required by Rule 8 and should be dismissed.

  **C. Plaintiff has not Plausibly Alleged an Official Capacity Claim against any County Defendant.**

  Plaintiff has sued Hamilton County Recorder Scott Crowley, Judge Nestor, Magistrate Beridon and Magistrate Berding in their official capacities. As such, this lawsuit is treated as a suit against the Court as an entity, rather than the individuals named. See *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In order for liability to attach to a governmental entity, a plaintiff must be able to show that a custom, policy, or practice of that governmental entity was the moving force behind the alleged constitutional violation. *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 694 (1978). A plaintiff can establish that a governmental entity has proximately caused the alleged constitutional violation if any one of the following conditions exists: (1) an express municipal policy; (2) a "widespread practice" that, although not express, is "so permanent and well settled as to constitute a custom or usage" with the force of law; (3) a decision of a person with final policymaking authority; (4) deliberate indifference of a final policymaker; or (5) ratification of an employee's conduct by a final policymaker by failing to meaningfully investigate and punish allegations of unconstitutional conduct. *Rush v. City of Mansfield*, 771 F.Supp.2d 827, 837 (N.D. Ohio 2011); *See also Mann v. Helmig*, 289 Fed.Appx. 845, 848 (6th Cir. 2008).

  The entirety of Plaintiff's complaint focuses on the conduct of the COA, the property management company, and the various members of the COA board. There are no factual allegations against any County Defendant. Indeed, as set forth above, Plaintiff references County Defendants exactly three times in her Complaint: where they are listed as parties, a passing mention to the function of the Recorder, and where she makes a prayer for a stay. Between those

three points, the Complaint is completely lacking in any factual allegation against County Defendants. The complaint certainly makes no mention of any custom, policy, or practice of a County Defendant that was the moving force behind the alleged constitutional violation. Accordingly, Plaintiff has failed to plausibly allege an official capacity suit against County Defendants.

Lastly, it is further worth noting that Plaintiff specifically styles her claims against Magistrate Beridon, Magistrate Berding, Judge Nestor, and Attorney General Yost as "official capacity" claims, but not for Recorder Crowley. Doc. 20, PAGEID 79. As such, based on the plaint language of the Complaint, Plaintiff has not attempted to institute an official capacity claim against Recorder Crowley.

### D. Hamilton County Recorder Scott Crowley Had a Duty to Record Lien

The Plaintiff alleges that Defendant Crowley engaged in "state action" when "the Recorder's office files" a lien. *See* Doc. 20, Page 80. Ohio Revised Code §317.13 states, "the county recorder **shall record** in the official records […] all instruments of writing that are required or authorized by the Revised Code to be recorded that are presented to the county recorder for that purpose." R.C. 5311.18(A)(3) permits a condominium owners association to record a lien for unpaid common expenses with the county recorder. Further, R.C. 317.13 does not impose a duty on a county recorder to verify the validity of a lien offered for recording. "This division does not create a duty upon a recorder to inspect, evaluate, or investigate an instrument of writing that is presented for recording." Thus, Defendant Crowley had an affirmative duty to accept the lien offered for recording by the COA.

Even if this Court construes this Complaint liberally to include an individual capacity claim against Recorder Crowley, Plaintiff has not alleged that Recorder Crowley undertook any

personal, individualized act to record this lien. Each time Plaintiff references the recording of the COA's lien, she states that it was the Hamilton County Recorder's "office" or "officer" who actually accepted and recorded the lien. Doc. 20, PAGEID 91, 93-94. She does not assert that Recorder Crowley personally recorded the COA's lien, but that his office or one of his officers did so. It is well settled that Government officials are immune in their individual capacities from civil liability under 42 U.S.C. § 1983 insofar as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Here Plaintiff does not allege any specific conduct on the part of Recorder Crowley. Accordingly, and to the extent Plaintiff asserts an individual capacity claim against Recorder Crowley under §1983, Recorder Crowley is entitled to qualified immunity.

  E. **Plaintiff has Failed to Demonstrate that she has Standing.**

In order for a plaintiff to invoke standing under Article III, it must show (1) it has suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). The elements of standing are not mere pleading requirements but rather an indispensable part of the plaintiff's case that must be supported in the same way as any other matter on which the plaintiff bears the burden of proof. *Id* at 561.

In the present case, Plaintiff has failed to demonstrate that she has suffered an injury-in-fact. Although a foreclosure has been filed against her, Plaintiff has not yet been deprived of any property. According to her own filings, she still resides at the home that is the subject of the foreclosure proceeding. Furthermore, she is on notice of and is an active participant in the

foreclosure proceeding, and has availed herself of her opportunity to be heard. There is no "actual" or "imminent" harm. She therefore fails the first prong of the Sixth Circuit's analysis.

Plaintiff has further failed to establish the second prong for standing. There are simply no factual allegations contained in the Complaint that demonstrate that the alleged harm suffered by Plaintiff is fairly traceable to any act or omission of County Defendants. Without that causal nexus, Plaintiff has not demonstrated that she has standing to bring a claim against County Defendants.

### III. Conclusion

Accordingly, for the forgoing reasons, County Defendants respectfully request that the Court dismiss Plaintiff's Complaint against County Defendants.

Respectfully submitted,

JOSEPH T. DETERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ *James S. Ginocchio, Jr.*
James S. Sayre, 0097169
James S. Ginocchio, Jr., 0082834
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2151
DDN: 513/946-3219 (Sayre)
DDN: 513/946-3135 (Ginocchio)
James.Sayre@hcpros.org
Jim.GinocchioJr@hcpros.org
FAX 513/946-3018
*Trial Attorneys for County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2022, I filed a true and accurate copy of the foregoing with the CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

*/s/ James S. Ginocchio, Jr.*
James S. Ginocchio, Jr., 0082834
Assistant Prosecuting Attorney

617129