IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| LINDA A. NOURI, | : |
| | : |
| Plaintiff, | : Case No. 1:22-cv-317 |
| | : |
| v. | : Judge Matthew W. Farland |
| | : Magistrate Karen L. Litkovitz |
| OHIO ATTORNEY GENERAL | : |
| DAVID ANTHONY YOST, et al., | : |
| | : |
| Defendants. | : |

**MOTION TO DISMISS OF DEFENDANT OHIO ATTORNEY GENERAL DAVE YOST**

Now comes Defendant Ohio Attorney General Dave Yost, by and through counsel, and moves this Court to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6). Plaintiff's claims against the Ohio Attorney General are barred by the Eleventh Amendment and must be dismissed. Plaintiff's claims also fail to state a claim for relief against the Ohio Attorney General. A memorandum in support is attached.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    /s/ *Bryan B. Lee*
    BRYAN B. LEE (0090716)*
    MICHAEL WALTON (0092201)
    *Lead Counsel*
    Assistant Attorneys General
    Constitutional Offices Section
    30 East Broad Street, 16th Floor
    Columbus, Ohio 43215-3428
    Tel: 614-466-1853 | Fax: 855-326-1696
    Bryan.Lee@OhioAGO.gov
    Michael.Walton@OhioAGO.gov

    *Counsel for Defendant*
    *Ohio Attorney General Dave Yost*

## MEMORANDUM IN SUPPORT

**I.     INTRODUCTION**

Plaintiff's claims against the Ohio Attorney General must be dismissed. Plaintiff's amended complaint essentially substitutes the State of Ohio with the Ohio Attorney General, in his official capacity, as a party in her futile attempt to overcome the Eleventh Amendment. At the heart of this case is a dispute between Plaintiff Linda Nouri and her Condominium Owner's Association. *See generally* Am. Compl., ECF No. 20. She claims that Ohio Revised Code Chapter 5311, which governs condominium property in Ohio, violates the United States and the Ohio Constitution on its face and as applied to her. *Id.* at PageID 79. Although the Attorney General has no involvement in the dispute, Plaintiff sues him, in his official capacity, and others, under 42 U.S.C. § 1983 and the Declaratory Judgment Act. *See generally* Am. Compl., ECF No. 20. But the Eleventh Amendment bars all of Plaintiff's claims against the Ohio Attorney General.

Plaintiff also fails to state a claim upon which relief can be granted against the Ohio Attorney General. Plaintiff fails to allege any facts against the Attorney General other than he is the chief legal officer of the State of Ohio. Because Plaintiff's claims are barred by the Eleventh Amendment and because she fails to state a claim upon which relief can be granted, this Court should dismiss her claims against the Attorney General with prejudice.

**II.    BACKGROUND**

This action stems from a dispute involving a lien and a foreclosure action filed by Plaintiff's condominium unit owners' association ("the Association") against the Plaintiff due to her refusal to pay her condominium association fees. *See id.* at PageID 89-92. Chapter 5311 of the Ohio Revised Code governs the creation and regulation of condominium properties, including the rights and obligations of both the condominium unit owners' associations and the individual

unit owners. *See id.* at PageID 84. While Plaintiff challenges Chapter 5311 generally, the substantive portion of her complaint involves Ohio Rev. Code § 5311.18, which enables a condominium unit owners' association to place a lien on a unit for unpaid association expenses and to file a foreclosure action on the lien. *Id.* at PageID 89.

In May 2020, the Association required all condominium unit owners to sign a waiver to gain access to the recreational facilities. *Id.* at PageID 90, ¶ 40. Plaintiff refused to sign the waiver, and when her demand to gain access to the facilities without the waiver was denied, she refused to pay the condominium assessment. *Id.* at ¶¶ 41-42. Because of her refusal to pay, the Association filed a lien against Plaintiff pursuant to Ohio Rev. Code § 5311.18. *Id.* at PageID 91, ¶¶ 45-46. Claiming a violation of due process rights, among other claims, Plaintiff then brought a § 1983 and a declaratory judgment action seeking injunctive relief, damages, and attorneys' fees against the State and others. *See generally* Compl., ECF No. 1. On August 22, 2022, Plaintiff amended her complaint, essentially removing the State and adding Ohio Attorney General as a party.[1]

### III.  LAW AND ARGUMENT

#### A. Standard of Review

Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir.2014). A complaint is subject to dismissal under Rule 12(b)(1) if the facts, accepted as true and viewed in the light most favorable to the plaintiff, show that the court lacks subject matter jurisdiction. *Hellmuth v. Hood*, 6th Cir. No. 19-3198, 2019 U.S. App. LEXIS 33021, at *7 (Nov. 4, 2019). The court is not required to presume the truth of factual allegations pertaining to its jurisdiction, but the plaintiff has the burden

---

[1] As of the filing of this motion, Ohio Attorney General has not been properly served with Plaintiff's amended complaint.

2

of proving jurisdiction. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir.2015); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir.1996).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### B. This Court lacks subject matter jurisdiction.

#### 1. Plaintiff's federal claims are barred by the Eleventh Amendment.

Plaintiff's attempt at circumventing the Eleventh Amendment bar of her claims by adding the Ohio Attorney General in his official capacity as a party is futile. Plaintiff's claims fail as it is well-settled that "in the absence of consent a suit in which the State or *one of its agencies or departments* is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (emphasis added). The Eleventh Amendment is absolute, and it "bars all suits, whether for injunctive, declaratory or monetary relief" brought by individuals against a state. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012). Similarly, claims against the state for monetary damages are likewise barred by the Eleventh Amendment. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). There are only three exceptions to a state's sovereign immunity: (1) when the state has consented to suit; (2) when the exception set forth in *Ex parte Young*, 209 U.S. 123 (1908) applies; and (3) when Congress has clearly and expressly abrogated the state's immunity. *Puckett v. Lexington-Fayette Urban Cty. Govt.*, 833 F.3d 590, 598 (6th Cir. 2016).

Here, Plaintiff, brings a § 1983 claim, seeking a declaratory judgment, money damages, and injunctive relief against the Ohio Attorney General in his official capacity. An action brought against an official of a governmental entity in his official capacity is an action brought against the governmental entity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (A suit against a state official in his or her official capacity is no different from a suit against the State itself).

The State of Ohio has not waived its sovereign immunity. *Hunter v. Eaches*, No. 1:19-cv-123, 2020 U.S. Dist. LEXIS 104373, at *4 (S.D.Ohio June 15, 2020) ("The State of Ohio has not waived its immunity in §1983 claims"); *Strain v. Payne*, No. 3:05 CV 7244, 2005 U.S. Dist. LEXIS 20130, at *5 (N.D.Ohio Sep. 15, 2005) ("Ohio has not waived its sovereign immunity"). Also, Congress did not abrogate the state's Eleventh Amendment immunity in either the Declaratory Judgment Act or § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States"); *George-Khouri Family Ltd. partnership v. Ohio Dept. of Liquor Control*, 6th Cir. No. 04-3782, 2005 U.S. App. LEXIS 9807, at *8 (May 26, 2005) ("The Declaratory Judgment Act . . . does not explicitly authorize suits against states and therefore cannot be used to circumvent the Eleventh Amendment"). Thus, the Ohio Attorney General is immune from Plaintiff's claims under the Eleventh Amendment.

The *Ex parte Young* exception does not apply here. *Ex parte Young* provides that state officials who are "clothe[d] with some duty in regard to the enforcement of laws of the state, and who threaten and are about to commence proceedings … to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action." 209 U.S. at 155-156. But this exception is applied narrowly. *Children's*

4

*Healthcare is a Legal Duty v. Deters*, 92 F.3d 1412, 1415 (6th Cir.1996). *Ex Parte Young* does not apply when a defendant state official has neither enforced nor threatened to enforce the allegedly unconstitutional state statute. *Id.* Indeed, the Sixth Circuit has held that a general enforcement authority alone is insufficient for *Ex parte Young* doctrine to apply. *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, 920 F.3d 421, 445 (6th Cir. 2019).

Nowhere in Plaintiff's Amended Complaint does she allege that Chapter 5311 provides any specific enforcement power to the Ohio Attorney General. *See generally* Am. Compl., ECF No. 20. In fact, Plaintiff concedes that Chapter 5311 grants an authority to *a private condominium association* to place a lien upon a condominium unit for failure to pay timely assessments. *Id.* at PageID 85, ¶ 10. Neither does Plaintiff allege that the Attorney General has either threatened or is about to commence a proceeding against her. Rather, he is simply being sued because he is the "Ohio's Chief Legal Officer." *Id.* at PageID 80, ¶ 2. However, an attorney general's status as the chief law enforcement officer of the state is not a sufficient to trigger the *Ex Parte Young* exception. Thus, Plaintiff's claims against the Ohio Attorney General must be dismissed under the Eleventh Amendment.

**2. This Court lacks jurisdiction over Plaintiff's state constitutional claim.**

The Eleventh Amendment also prohibits *all* state-law claims filed against a State in federal court. *Al-Janabi v. Wayne State Univ.*, No. 21-1399, 2021 U.S. App. LEXIS 37051, at *3 (6th Cir. Dec. 15, 2021). It is well established that a federal court cannot entertain a lawsuit against state officials for violations of state law unless the state has waived its immunity under the Eleventh Amendment, which Ohio has not waived that immunity. *Turker v. Ohio Dept. of Rehab. & Corr.*, 157 F.3d 453, 456-457 (6th Cir.1998). Nonetheless, Plaintiff also claims that this Court has supplemental jurisdiction to hear her state claims. She is wrong, as

5

the Eleventh Amendment also bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court. *Raygor v. Regents of the Univ. of Minnesota*, 534 U.S. 533, 542 (2002) ("§ 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants"); *see also Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment"). Thus, Plaintiff's state law claims against the Ohio Attorney General fare no better and must be dismissed.

### C. Plaintiff fails to state a claim for relief against the Ohio Attorney General.

Even if the Eleventh Amendment does not bar Plaintiff's claims against the Ohio Attorney General, which it does, Plaintiff fails to state a claim upon which relief can be granted because Plaintiff fails to allege any facts to support her claims against the Attorney General. To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed in her favor, demonstrate the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under the color of state law. *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012); *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *Stanley v. City of Norton*, 124 F. App'x 305, 309 (6th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 696-97 (1976)). Moreover, to state a cognizable §1983 claim, "the plaintiff must allege some personal involvement by the each of the named defendants." *Bennett v. Schroeder*, 99 F. App'x 707, 712-13 (6th Cir. 2004) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (finding that personal involvement by the defendant is an essential element in a §1983 cause of action asserting a constitutional deprivation).

Here, the only fact Plaintiff alleges against the Ohio Attorney General is that he is the "Ohio's Chief Legal Officer." Am. Compl., ECF No. 20, PageID 80, ¶ 2. Plaintiff offers no facts alleging that the Attorney General has or will be taking any action against her. Without more, Plaintiff fails to allege facts sufficient to state a claim against the Attorney General as required by Fed.R.Civ.P. 12(b)(6). Plaintiff's claims against the Ohio Attorney General must be dismissed for this additional reason. *See Bennett*, 99 F. App'x at 712-713.

### IV. CONCLUSION

For the foregoing reasons, the Ohio Attorney General respectfully requests that this Court dismiss all of Plaintiff's claims against him with prejudice.

Respectfully submitted,

DAVE YOST
Ohio Attorney General

/s/ *Bryan B. Lee*
BRYAN B. LEE (0090716)*
MICHAEL WALTON (0092201)
*Lead Counsel*
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3428
Tel: 614-466-1853 | Fax: 855-326-1696
Bryan.Lee@OhioAGO.gov
Michael.Walton@OhioAGO.gov

*Counsel for Defendant*
*Ohio Attorney General Dave Yost*

7

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing *Motion to Dismiss of Defendant Ohio Attorney General Dave Yost* was submitted for filing via the Court's electronic filing system on September 6, 2022, and that service of the foregoing was made via the Court's electronic filing system upon all counsel and parties registered for e-filing and via ordinary U.S. mail to the following:

    Linda A. Nouri
    4921 N. Arbor Woods Ct. #304
    Cincinnati, OH 45248

    *Plaintiff, pro se*

    /s/ *Bryan B. Lee*
    BRYAN B. LEE (0090716)
    Assistant Attorney General