UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LINDA NOURI, | : | CASE NO. 1:22-cv-00317 |
| Plaintiff, | : | Judge Jeffery P. Hopkins |
| | | Magistrate Judge Karen L. Litkovitz |
| vs. | : | COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS |
| | : | |
| STATE OF OHIO, ET AL. | | |
| | : | |
| | : | |
| Defendants. | | |

Now comes defendants Hamilton County Recorder Scott Crowley, Hon. Judge Terry Nestor, Hon. Magistrate Thomas Beridon, and Hon. Magistrate Anita Berding (collectively "County Defendants"), by and through counsel, and hereby respectfully submit their reply in support of their motion to dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

MELISSA A. POWERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ *James S. Sayre*
James S. Sayre, 0097169
James S. Ginocchio, Jr., 0082834
Assistant Prosecuting Attorneys
Hamilton County, Ohio
230 E. Ninth Street, Suite 4000
Cincinnati, Ohio 45202-2151
DDN:  513/946-3219 (Sayre)
DDN:  513/946-3135 (Ginocchio)
James.Sayre@hcpros.org
Jim.GinocchioJr@hcpros.org

FAX 513/946-3018
*Trial Attorneys for County Defendants*

## **MEMORANDUM**

### A. Plaintiff's Amended Complaint fails to state a claim

Plaintiff argues generally that her complaint sufficiently pleads a cause of action against County Defendants. Though she provides no legal authority in support of this argument, she does provide two discernable arguments as to why her claims are sufficient. She first argues that her complaint has already passed judicial scrutiny. Doc. 29, PAGEID 202. The basis for this, she states, is that the Court in the Eastern Division did not dismiss this matter *sua sponte* before transferring it to this Court. *Id.* She further argues that the Eastern Division's statement that the matter should be transferred in the "interests of justice" amounts to an inference that her complaint sufficiently states a cause of action. *Id*. The order referenced by Plaintiff only makes the finding that venue is proper in the Western Division. *See* Doc 2. The order does not opine as to the sufficiency of Plaintiff's allegations.

Plaintiff next argues that her complaint meets the *Twombly* standard on the basis that that the State of Ohio did not argue in its motion that her Complaint failed to meet the *Twombly* standard as the claims against it. Doc. 29, PAGEID 202-203. The State of Ohio's failure to submit this argument, she states, necessarily leads to the conclusion that her complaint does meet the *Twombly* standard. This argument of course is nonsensical. For one, County Defendant's assertion regarding the conclusory nature of Plaintiff's complaint concerns only the claims Plaintiff attempts to bring against County Defendants. It does not address any potential claim made against the State of Ohio. Furthermore, parties to litigation do not lose the ability to rely on an argument simply because another party in the case failed to raise that same argument.

    **B.**    **Plaintiff's argument that she need not demonstrate wrongdoing on the part of the judicial County Defendants is self-defeating.**

Plaintiff next argues that she does not need to allege wrongs done by the judicial defendants on the basis that she seeks prospective relief only. Doc. 29, PAGEID 203. A core tenant of Article III standing is that a plaintiff must demonstrate that he/she has suffered an actual or imminent injury that is fairly traceable to the challenged actions of a defendant. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992). As such, Plaintiff's assertion that she need not allege any wrongdoing on the part of the judicial County Defendants is simply incorrect and in fact demonstrates the clear lack of any plausible cause of action. Even liberally construing the Amended Complaint, Plaintiff alleges at most that she may suffer some hypothetical or conjectural injury at some point in the future if she fails to prevail in the underlying foreclosure action. These injuries, even if they do occur, are not tied to any specific wrongful conduct on the part of the judicial County Defendants.

    **C.**    **Plaintiff misapprehends the standard for municipal liability.**

Plaintiff erroneously argues that the *Monell* standard for municipal liability does not apply to her claims because she is seeking "prospective relief." Doc. 29, PAGEID 203. Plaintiff provides no authority to the Court to support the position that the requirements of *Monell* do not apply in such actions. It is well settled that a claim pursuant to 42 U.S.C. §1983 made against the municipality is examined using a two-pronged inquiry: (1) whether the plaintiff has asserted a deprivation of a constitutional right; and (2) whether the municipality is liable for that deprivation. *Mann v. Helmig*, 286 Fed. Appx. 845, 848 (6th Cir. 2008); citing *Doe v. Claiborne County*, 103 F.3d 495, 505-06 (6th Cir. 1996). Once a plaintiff establishes a constitutional injury, a court then considers the factors in *Monell. Ellis v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir. 2006); citing *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 690-91

(1978). It is also well settled that a municipality cannot be held liable for a constitutional violation where a plaintiff fails to demonstrate that an individual violated his/her constitutional rights. *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001); citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); see also *Atwell v. Hart County*, 122 Fed.Appx. 215, 218 (6th Cir. 2005)(District Court did not err in finding Plaintiff could not prove a failure to train in violation of the Constitution where Plaintiff could not prove that any of his constitutional rights were violated).

Here Plaintiff does not even plausibly allege that she has suffered a constitutional deprivation, let alone caused by the acts or omissions of any agent of County Defendants. Indeed, the only specific act she alleges that implicates a County Defendant is in reference to the lien recorded with the Hamilton County Recorder. Plaintiff does not even allege that this unnamed employee of the Recorder recorded this lien wrongfully. She simply states the Recorder "endorsed, indexed, and recorded lien." Doc. 20, PAGEID 94. Accordingly, Plaintiff fails to state a claim against County Defendants.

**D.     Conclusion**

Accordingly, for the forgoing reasons, County Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

MELISSA A. POWERS
PROSECUTING ATTORNEY
HAMILTON COUNTY, OHIO

/s/ *James S. Sayre*
James S. Sayre, 0097169
James S. Ginocchio, Jr., 0082834
Assistant Prosecuting Attorneys

        Hamilton County, Ohio
        230 E. Ninth Street, Suite 4000
        Cincinnati, Ohio 45202-2151
        DDN:  513/946-3219 (Sayre)
        DDN:  513/946-3135 (Ginocchio)
        James.Sayre@hcpros.org
        Jim.GinocchioJr@hcpros.org
        FAX 513/946-3018
        *Trial Attorneys for County Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 6th day of February, 2023, I filed a true and accurate copy of the foregoing with the CM/ECF system, which will serve all parties and counsel of record who have appeared and constitutes service by rule.

        */s/ James S. Sayre*
        James S. Sayre, 0097169
        Assistant Prosecuting Attorney

629718