**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **LINDA A. NOURI,** | : | |
| | : | |
| Plaintiff, | : | Case No. 1:22-cv-317 |
| | : | |
| v. | : | Judge Matthew W. Farland |
| | : | Magistrate Karen L. Litkovitz |
| **OHIO ATTORNEY GENERAL** | : | |
| **DAVID ANTHONY YOST, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT OHIO ATTORNEY GENERAL DAVID ANTHONY YOST'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE (ECF No. 32)**

**I.     INTRODUCTION**

Plaintiff's request for a third bite at the apple to correct the various defects in her Amended Complaint should be denied. As explained in detail in Attorney General Yost's Motion to Dismiss (ECF No. 22), all of Plaintiff's claims against him are barred by the Eleventh Amendment. This alone requires dismissal. Yet, Plaintiff now moves, for the second time, to amend her complaint. *See generally* Motion for Leave, ECF No. 32. But she has not shown good cause to amend as required by Fed.R.Civ.P. 15. Because she has not and cannot show good cause, Attorney General Yost respectfully asks this Court to deny Plaintiff's Motion for Leave.

**II.    ARGUMENT**

Plaintiff should not be allowed to amend her complaint for a second time. When, as is here, a plaintiff can no longer amend her complaint as of right, she "may amend [her] pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2).

Attorney General Yost does not consent. As such, Plaintiff must convince this Court to grant leave for her to file a second amended complaint. Yet, no good cause exists to grant such extraordinary relief.

A party who requests leave to amend her complaint "must act with due diligence if [she] wants to take advantage of Rule 15(a)(2)'s liberality." *Lessl v. Citimortgage, Inc.*, 515 Fed.Appx. 467, 470 (6th Cir. 2013) (quoting *Parry v. Mohawk Motors of Mich.*, 236 F.3d 299, 306 (6th Cir. 2000) (internal brackets omitted)). "[A] court may deny leave on the basis of delay, bad faith, dilatory motive or futility." *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Moreover, "[t]he Sixth Circuit does not look favorably upon bare requests for leave to amend in a response to a motion to dismiss when the requesting party could have filed a proper motion to amend and attached a proposed amended complaint for consideration by the court." *Techdisposal.com, Inc. v. CEVA Freight Mgmt.*, No. 2:09-cv-356, 2009 U.S. Dist. LEXIS 111059, at *14 (S.D. Ohio Nov. 30, 2009) (citing *Evans v. Pearson Enter., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006)); *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699, 91 Fed. Appx. 418 (6th Cir. 2004); *Begala v. PNC Bank*, 214 F.3d 776, 783-84 (6th Cir. 2000); *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir.2014) (there is no abuse of discretion in denying a motion to amend when the plaintiff did not present an adequate motion and fail to attach a copy of the amended complaint).

Here, there is no good cause to allow Plaintiff to amend her complaint a second time. First, Attorney General Yost and this Court are left to speculate as to what the Plaintiff is attempting to cure or what the allegations would actually be in a potential second amended complaint as no proposed second amended complaint or additional allegations were attached to her motion. The

only information Plaintiff provided is that she seeks to "add parties, allege new claims based on conduct and practices uncovered, correct technical deficiencies and scrivener's errors, and to attach evidence to support her claims." Motion for Leave, ECF No. 32, PageID # 218. The Court is not obligated to grant Plaintiff's request on speculation alone. Even construing her motion liberally, none of what Plaintiff offers would change the fact that her claims against Attorney General Yost are barred by the Eleventh Amendment. Plaintiff was already given one chance to correct the fatal errors in her complaint, but she failed to do so. She should not get a second attempt when dismissal of the Attorney General is clearly required from the face of her Amended Complaint. Accordingly, because Plaintiff failed to act with due diligence and her attempt to amend is futile, her request should be denied.

### III. CONCLUSION

For the reasons set forth herein, Ohio Attorney General Dave Yost respectfully asks this Court to deny Plaintiff's Motion for Leave (ECF No. 32).

        Respectfully submitted,

        DAVE YOST
        Ohio Attorney General

        */s/ Bryan B. Lee*
        BRYAN B. LEE (0090716)*
        MICHAEL A. WALTON (0092201)
        *Lead Counsel*
        Assistant Attorneys General
        Constitutional Offices Section
        30 East Broad Street, 16th Floor
        Columbus, Ohio 43215-3428
        Tel: 614-466-1853 | Fax: 855-326-1696
        Bryan.Lee@OhioAGO.gov
        Michael.Walton@OhioAGO.gov

        *Counsel for Defendant*
        *Ohio Attorney General Dave Yost*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing Reply in Support of Motion to Dismiss of Defendant Ohio Attorney General Dave Yost was submitted for filing via the Court's electronic filing system on March 14, 2023, and that service of the foregoing was made via the Court's electronic filing system upon all counsel and parties registered for e-filing and via ordinary U.S. mail to the following:

Linda A. Nouri
4921 N. Arbor Woods Ct. #304
Cincinnati, OH 45248

*Plaintiff, pro se*

> */s/ Bryan B. Lee*
> BRYAN B. LEE (0090716)
> Assistant Attorney General