UNITED STATES DISTRICT COURTSOUTHERN DISTRICT OF OHIO WESTERN DIVISION

LINDA NOURI,

    Plaintiff,

vs

STATE OF OHIO., et al.,
OHIO ATTORNEY GENERAL
DAVID ANTHONY YOST

    Defendants.

Case No. 1:22-cv-317

Hopkins, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This civil action is now before the court on Defendants' motions to dismiss Plaintiff's Amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Docs. 21, 22) and the parties' responsive memoranda. (Docs. 29, 30). Also before the Court is Plaintiff's motion for leave to amend the complaint (Doc. 32) and the parties' responsive memoranda (Docs. 33, 34). The motions will be addressed in turn.

### I.    Background and Facts

This case arises out of a dispute regarding a lien and foreclosure action initiated by Plaintiff's condominium association. In May 2020, the Association required all condominium unit owners to sign a waiver to gain access to the recreational facilities. Doc. 20, ¶ 40. Plaintiff refused to sign the waiver, and when her demand to gain access to the facilities without the waiver was denied, she refused to pay the condominium assessment. Id. at ¶¶ 41-42. Because of her refusal to pay, the Association filed a lien against Plaintiff pursuant to Ohio Rev. Code § 5311.18. Id. ¶¶ 45-46.

Thereafter, on June 1, 2022, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 claiming a violation of due process rights and seeking declaratory and injunctive relief, damages, and attorneys' fees against Defendants State of Ohio, Hamilton County Court of Common Pleas, Hon. Judge Terry Nestor, Hon. and Magistrate Anita Berding. (Doc. 1, Pg 4-5). Plaintiff filed an Amended Complaint on August 22, 2022, adding Hamilton County Recorder Scott Crowley and Hon. Magistrate Thomas Beridon, as well as replacing the State of Ohio with Ohio Attorney General David A. Yost as a Defendant. (Doc 20. ¶¶ 2-6). Hamilton County Court of Common Pleas is not named as a defendant in the amended complaint.

Defendants now move to dismiss Plaintiff's amended complaint. (Docs. 21, 22). For the reasons that follow, the undersigned finds Defendants' motions are well-taken.

## II. Motions to Dismiss

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked

2

by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland*, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).

### B. Defendants' motions to dismiss are well-taken

Here, Judge Nestor, Magistrates Berding and Beridon and Recorder Crowley (hereinafter, the "County Defendants") contend that dismissal of Plaintiff's Amended Complaint is appropriate under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Namely, Defendants argue that Plaintiff's Amended Complaint fails to include basic and minimal factual allegations in order to state a claim for relief. The County Defendants further argue that Plaintiff's lacks standing.

Additionally, Defendant David A. Yost maintains that Plaintiff's claim against him is barred by the Eleventh Amendment. Defendants' contentions are well-taken.

At the outset, the County Defendants contend that Plaintiff lacks standing. The undersigned agrees. That lack of standing means that the Court cannot consider the merits of Plaintiff's claims but rather must dismiss the case on jurisdictional grounds. "Standing stems from the Constitution's mandate that federal courts may decide only

3

'Cases' or 'Controversies.'" *Vonderhaar v. Vill. of Evendale*, 906 F.3d 397, 400–01 (6th Cir. 2018) (citing U.S. Const. art. III, § 2, cl. 1). Consistent with that language, standing is designed to ensure that courts decide live disputes, rather than "issue advisory opinions or address statutes 'in the abstract.'" L.*W. by & through Williams v. Skrmetti*, 73 F.4th 408, 415 (6th Cir. 2023) (quoting *California v. Texas*, 141 S. Ct. 2104, 2115 (2021)). Because Article III standing is a prerequisite to subject-matter jurisdiction, a court may evaluate the issue at any time, even sua sponte. *Duncan v. Liberty Mut. Ins. Co.*, 854 F. App'x 652, 663 (6th Cir. 2021), cert. denied, 142 S. Ct. 767 (2022), (citing *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007)).

Standing requires that the plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016) (citation omitted). Additionally, "[t]o establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. at 339

Here, Plaintiff's amended complaint fails to allege sufficient facts to establish that the County Defendants are liable for any state or federal violation. In this regard, the County Defendants assert that they are mentioned only three times in the amended complaint. Namely, Plaintiff identifies Hamilton County Recorder Scott Crowley, Judge Terry Nestor, Chief Magistrate Anita Berding, and Chief Magistrate Thomas Beridon as "Parties" in her complaint. Doc. 20, ¶¶ 4-6. Next, Plaintiff alleges that Hamilton County Recorder Scott Crowley "recorded the lien, encumbering Ms. Nouri's property." (Doc. 20, ¶ 47). Last, the County Defendants are mentioned in Plaintiff's prayer for relief. *Id.*

4

at p20. Such allegations fail to show how any of the County Defendants actions or inactions violated Plaintiff's constitutional rights. Thus, Plaintiff lacks standing under Article III because she has shown nothing even hinting at a traceable injury in fact.

In the event the reviewing Court determines that Plaintiff has standing, her amended complaint fails to allege sufficient facts to establish that the County Defendants are liable for any state or federal violation, and therefore is properly dismissed pursuant to Fed.R.Civ. P. 12(b)(b). As detailed above, the County Defendants assert that they are mentioned only three times in the amended complaint. Such allegations fail to show how any of the County Defendants actions or inactions violated Plaintiff's constitutional rights. As such, Plaintiff's complaint fails to "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shop*, Inc., 859 F.2d 434, 437 (6th Cir. 1988). See also *Perry v. UPS*, 90 F. App'x 860, 862 (6th Cir. 2004) (dismissing pro se plaintiff's complaint where the pleading offered only labels and conclusions).

Moreover, to the extent that Plaintiff has sued Hamilton County Recorder Scott Crowley, Judge Nestor, and Magistrates Beridon and Berding in their official capacities, such claims are barred. See *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are persons" who may be held liable for constitutional violations in a § 1983 action); see also *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Additionally, Plaintiff's claims against Ohio Attorney General David Yost are barred by the Eleventh Amendment. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' i.e., against the State." *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir.2008) (internal citations omitted). The Eleventh Amendment proscribes lawsuits in which States or the State's agencies or departments are named as defendants. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). There are three exceptions to a State's sovereign immunity: (1) when the State consents to the suit. (2) when the exception set forth in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) applies, and (3) when Congress has clearly and expressly abrogated the state's immunity. *Puckett v. Lexington-Fayette Urban Cty. Govt.*, 833 F.3d 590 (6th Cir. 2016). Here, the State of Ohio has not waived its sovereign immunity and has not consented to this suit. Congress has not abrogated the State's Eleventh Amendment immunity in § 1983 or in the Declaratory Judgement Act. The *Ex parte Young* exception does not apply to general enforcement authority of a defendant, and the defendant must have enforced or threatened to enforce an unconstitutional statute. See *EMW Women's Surgical Ctr., P.S.C. v. Beshear*, 920 F.3d 421 (6th Cir. 2019). Accordingly, Plaintiff's claims against Ohio Attorney General David A. Yost are barred Eleventh Amendment of the United States Constitution.

For these reasons, Defendants' motions to dismiss are well-taken and should be granted.[1]

---

[1] Because Plaintiff's federal claims should be dismissed, this court should also decline to exercise supplemental jurisdiction over any pendant state claims. 28 U.S.C. § 1367(c)(3); see *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims ...").

*C. Plaintiff's Motion for Leave to File a Second Amended Complaint*

Also before the Court is Plaintiff's motion for leave to file a second amended complaint. On February 23, 2023, Plaintiff filed a motion for leave to file a Second Amended Complaint (Doc. 32). However, Plaintiff did not attach the proposed amended complaint to her motion. Thereafter, on May 4, 2023, the Court ordered Plaintiff to file her proposed amended complaint within ten (10) days of the filing of the Order. (Doc. 37). The Order specifically warned Plaintiff that her failure to comply with the Order could result in denial of her motion to amend. Id. To date, no such filing has been made. As such, Plaintiff's failure to comply with the Court Show Cause Order and failure to provide a copy of her proposed second amended complaint warrant denial of her motion for leave to amend.

III. Conclusion

**IT IS RECOMMENDED THAT** Defendants' motions to dismiss (Docs. 21, 22) be **GRANTED**, Plaintiff's motion for leave to file a second amended complaint (Doc. 32) be **DENIED;** and this matter be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURTSOUTHERN DISTRICT OF OHIO WESTERN DIVISION**

LINDA NOURI,

    Plaintiff,

vs

STATE OF OHIO., et al.,
OHIO ATTORNEY GENERAL
DAVID ANTHONY YOST

    Defendants.

Case No. 1:22-cv-317

Hopkins, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).